**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4596

LANDERS C. CHAMBERS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CR-96-612)

Submitted: November 18, 1998

Decided: December 10, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Landers C. Chambers, Jr., appeals the district court's revocation of his supervised release term and its imposition of a six-month prison sentence, based upon Chambers' admitted violation of the terms and conditions of his supervised release. Chambers' attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), claiming that the district court abused its discretion by imposing the six-month prison sentence but concluding that there are no meritorious issues for appeal. Chambers filed a supplemental pro se brief repeating the argument raised in the formal brief and also arguing that he did not violate the terms of supervised release. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

After Chambers pled guilty to violating 18 U.S.C.§ 287 (1996) by making a false claim to the Internal Revenue Service, the district court sentenced him to four months in prison followed by three years of supervised release. While on supervised release, Chambers violated the terms of supervised release by testing positive for cocaine and marijuana. Chambers admitted the violation at his supervised release revocation hearing. The district court sentenced Chambers to six months in prison and Chambers timely appealed. We review a district court's revocation of supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

Chambers' claim that the district court abused its discretion in finding a violation of the conditions of his supervised release is without merit, given his admission at the revocation hearing. In addition, Chambers does not dispute that the district court correctly calculated his guideline sentence range, and the range was within the statutory maximum penalty. Consequently, we will not review Chambers' sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

Accordingly, we affirm both the district court's finding of a violation of the terms of supervised release and its imposition of the prison sentence on that violation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

2

United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3